UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MULTIPLAN SERVICES CORPORATION and JOHN DOES 1-10,<br><br>　　　　Defendants. | Civil Action No. 1:12-cv-11693-GAO<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT MULTIPLAN SERVICES CORPORATION'S
MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

　　Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant MultiPlan Services Corporation ("MSC") respectfully requests that this Court dismiss all claims asserted against it by Plaintiff Physicians HealthSource, Inc. ("PHI") in its Class Action Complaint (the "Complaint). As grounds for this Motion, MSC states as follows:

　　1.　　MultiPlan, Inc. ("MultiPlan") transmitted a one-page fax regarding its ValuePoint preferred provider network (the "ValuePoint fax") to Dr. Jeffrey Elwert, a chiropractor who practices at PHI.

　　2.　　PHI has filed a putative class action suit against MSC, claiming that the ValuePoint fax constituted an "unsolicited advertisement" and that MSC sent the ValuePoint fax to it in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. On its face, the ValuePoint fax is not an "unsolicited advertisement" in violation of the TCPA because it did not advertise the commercial availability of goods or services, but rather communicated information to Dr. Elwert concerning his ongoing participation in the ValuePoint network under his existing contract with MultiPlan.  Consequently, the Complaint should be dismissed with prejudice for inability to state a claim for violation of the TCPA.

4. Further, the Complaint impermissibly conditions class membership on resolution of class members' claims on the merits, because one can only be member of the class if one has met every requirement for a successful claim on the merits under the TCPA.  Therefore, the putative class cannot be certified as a matter of law, thereby requiring dismissal of the class claims alleged in the Complaint.

5. Finally, MSC is not a proper party to this suit.  MSC did not send the ValuePoint fax to PHI nor has PHI alleged any facts establishing that MSC can be held liable for claims arising from MultiPlan, Inc.'s transmission of the ValuePoint fax.  Accordingly, MSC should be dismissed from this action.

6. For each of the foregoing reasons, the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

In support of this Motion, MSC relies on the accompanying memorandum of law and Affidavit of Kevin M. McGinty.

**WHEREFORE**, for all of the above-stated reasons, MSC respectfully requests that this Motion be **ALLOWED**.

**REQUEST FOR ORAL ARGUMENT**

Under Local Rule 7.1(D), MSC respectfully requests oral argument on this Motion to Dismiss the Class Action Complaint.

Dated:  November 9, 2012                                  Respectfully submitted,

                                                           */s/ Kevin M. McGinty*
                                                         Kevin M. McGinty, BBO # 556780
                                                         Marbree D. Sullivan, BBO # 666335
                                                         Erin C. Horton, BBO # 678414
                                                         MINTZ, LEVIN, COHN, FERRIS,
                                                           GLOVSKY AND POPEO, P.C.
                                                         One Financial Center
                                                         Boston, MA  02111
                                                         Tel.  (617) 542-6000
                                                         Fax (617) 542-2241
                                                         KMcGinty@mintz.com
                                                         MDSullivan@mintz.com
                                                         ECHorton@mintz.com

                                                         *Attorneys for Defendant*
                                                          *MultiPlan Services Corporation*

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(A)(2), counsel for MSC certify that, on November 9, 2012, they conferred with counsel for PHI and attempted in good faith to resolve or narrow the issues raised by this Motion.

                                                       By:  */s/ Kevin M. McGinty*
                                                                Kevin M. McGinty

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically via the Court's CM/ECF system on November 9, 2012, which thereafter provided notice and service to all parties. Parties may access this pleading through the Court's electronic docketing system.

                                                   By:  */s/ Kevin M. McGinty*
                                                               Kevin M. McGinty