UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11693-GAO

PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the
representative of a class of similarly-situated persons,
Plaintiffs,

v.

MULTIPLAN SERVICES, CORPORATION and JOHN DOES 1-10,
Defendants.

OPINION AND ORDER
September 18, 2013

O'TOOLE, D.J.

The plaintiff, Physicians HealthSource, Inc. ("PHI") alleges that the defendants, Multiplan Services Corp. and John Does 1-10 ("MultiPlan"), transmitted, via facsimile, an unsolicited advertisement promoting MultiPlan's health care provider network in violation of the Telephone Consumer Protection Act ("TCPA") and the Junk Fax Prevention Act ("JFPA"). MultiPlan has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The central issue is whether the facsimile in question is an unsolicited advertisement within the meaning of the TCPA.

**I.     Background**

PHI is a health care provider with its principle place of business in Ohio. MultiPlan is an entity that facilitates networks of health care providers to treat insured patients. On March 10, 2010, MultiPlan transmitted a facsimile to PHI's facsimile machine. The facsimile was addressed to Jeffrey C. Elwert, D.C., a chiropractor practicing at PHI. The facsimile includes a MultiPlan Provider ID pertaining to Dr. Elwert, information about the preferred provider network to which Dr. Elwert belonged, and information advising him that he had access to a population of patients

within the network by virtue of his participation in the MultiPlan Network. The facsimile expressly indicates that Dr. Elwert received the facsimile because he was an existing member of the MultiPlan Network and that he should contact the Service Operations Department with any questions about his participation. The facsimile provided a telephone number for this department.

**III.   Discussion**

   A.   Unsolicited Advertisements

The Complaint alleges that PHI did not invite or give MultiPlan permission to transmit the facsimile to PHI, and that, on information and belief, MultiPlan has sent similar facsimiles to more than forty other recipients. The TCPA prohibits unsolicited advertisements sent via facsimile. 47 U.S.C. § 227(b)(1)(C). Advertisements are exempted from this prohibition if: (1) the sender has an established business relationship with the facsimile's recipient; (2) the sender obtained the recipient's facsimile number through a voluntary disclosure by the recipient; and (3) the unsolicited facsimile contains language clearly indicating how the recipient can ensure non-receipt of facsimiles in the future. § 227(b)(1)(C)(i)-(iii).

MultiPlan argues that the Complaint fails to state a claim because the facsimile in question is not an unsolicited advertisement as a matter of law. An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). Commercial availability means a good or service is "available to be bought or sold (or must be a pretext for advertising a product that is so available)." N.B. Industries, Inc. v. Wells Fargo & Co., 465 Fed. Appx. 640, 642 (9th Cir. 2012). The Federal Communications Commission, the agency charged with promulgating rules and regulations under the TCPA, advises that facsimiles "notify[ing] the recipient of a

change in terms or features regarding an account, subscription, membership, loan or comparable ongoing relationship, in which the recipient has already purchased or is currently using the facsimile sender's product or service, is not an advertisement." 71 Fed. Reg. 25967-01, 25972; see 47 U.S.C. § 227(b)(2).

The plaintiff alleges that the facsimile is an advertisement promoting defendants' services. However, the text of the facsimile does not support this conclusory allegation, and the plaintiff pleads no facts as a basis for the conclusion. The facsimile does not purport to sell or buy goods or services. On the contrary, the facsimile provides information concerning services already available to Dr. Elwert pursuant to an existing account or subscription. See Phillip Long Dang, D.C., P.C. v. XLHealth Corp., 2011 WL 553826, at *3-4 (N.D. Ga. 2011) (facsimile from a preferred provider organization to a non-participating chiropractor held not an advertisement because facsimile did not promote the benefits of becoming a member of the PPO network, nor purported to sell insurance to the recipient). The facsimile states explicitly that it was sent because Dr. Elwert is a current member of the MultiPlan Network. The plaintiff pleads no facts that either confirm or deny that such an account exists. Beyond the plaintiff's conclusory allegation that the facsimile in question was an unsolicited advertisement, there are no facts to support that the facsimile was anything other than a transactional communication sent pursuant to an existing business relationship between Dr. Elwert and MultiPlan. See 71 Fed. Reg. at 25972. Based on the four corners of the facsimile, there is no overt advertising by MultiPlan, nor is there any enticement that could be construed as a pretext to advertise commercial products or services because the facsimile is merely apprising Dr. Elwert of features of an account to which he already has access.

## IV.     Conclusion

For the reasons stated herein, MultiPlan's Motion to Dismiss (dkt. no. 12) is GRANTED, and the complaint is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge